**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ROMES H. PHILLIPS

Plaintiff,

v.

DEFENDANT "1" a/k/a "Barry Knapps", DEFENDANT "2" a/k/a "Colin Gordon", DEFENDANT "3" a/k/a "Mary", DEFENDANT "4" a/k/a "Linda", DEFENDANT "5" a/k/a "Mia", DEFENDANT "6" a/k/a "Eric Gordon",
and
JOHN DOE Defendants 1-27 who are the cohorts of DEFENDANTS "1" – "6" and are the owners of the following cryptocurrency deposit wallets where Plaintiff's stolen cryptocurrency assets were transferred:
Binance:
0x82662cbd238481905f7cfbc4f95d057a638b15f2;
0x23c2d0c598ecfbb2550023351ba08733d0c4babf;
0x805fc72c614e75ffb039492b34fb9916eba69fe9;
0x2ae31977234cfef28a6ed38c7bdf38e384623f0d; and
0xaf490983a79be16937f54f8bd31bcdeda7904012
Coinbase:
0x98a4899698695704570 2f113b06660305ac69f5d;
0xc381df96ca11f3334cdead9adf34c8b799f95b1a;
0x767dad5f4722b320f6c2606fef0f6708c5c6d9a4;
0xb1398b1bd4faec59dfc9eaeed06ea5cb0c3c2620;
0x03d8517f59619523dfefec1befe356537a966448;
0xa5c167e6ebe8034d421c0672403f3fd54e801c2a;
0x628820c2aa8d07a263c1a53d6751006160dd60c2;
and
0xf78a59f4250370e1df46625877bf9490256b12ab
Crypto.com:
0x360a7dc6fdb265e6485bd0c33b53c4132e38513f;
and

Case No. 1:24-cv-07511

Honorable Jorge L. Alonso

0xf9ccaf031218e96037f3a2ab21663ad941fa45e8
HuionePay:
TGv1XhT88GNLFegy4ZRKrWBswhPg1deH6Y;
TWrQSUSYe2QM1xzN8zfbovqL7GvtkGeEPr;
TBTAhqKxDfGqnkQHAHxHDjTXtM3HMu2bzr;
TYUEVdDWKKoAYJgx11wsAdTw5gx1L6NMDu;
0x199c4512036496e680cd7df761625d1bb04b5328;
and
TT8CMUukaHxYXc67nYJH6LWy16TG1b82ZU
KuCoin:
0x83a918ea9b5b4b55ea664bc6f82fe644887650ff
OKX:
0x4a2808ad0fe3f089c5a58cc403e1471d642378df;
0xb3514f812ce54f5c285eeec0c9f6c64f3d582ce3;
0xdda30eab4666e7ee444083a9a73d6b39a6ae8974;
0xe34c94b8efe75da7e74e6d30534ddb136b501334;
and
0x3ab6d1588d101615eab14c198a97c590e6c741d9
Defendants.

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff, ROMES H. PHILLIPS, hereby requests that this Honorable Court enter a final default judgment in this matter against Defendants "1" – "7" and Doe Defendants 1-27. In support thereof, Plaintiff submits the following Memorandum of Law.

**INTRODUCTION**

As set forth in the Plaintiff's Complaint, Plaintiff initiated this action to recover cryptocurrency stolen by Defendants pursuant to a sophisticated global internet cryptocurrency fraud and conversion scheme. Defendants are in default and the prerequisites for a default judgment have been met. As relief, Plaintiff seeks default judgment finding Defendants liable on Count I (Federal RICO); Count II (Conversion); Count III (Unjust Enrichment); and Count V (Civil Conspiracy).

## I. Statement of Facts

Defendants stole cryptocurrency from Plaintiff pursuant to a sophisticated worldwide RICO Conspiracy (Doc. No. 27 at ¶ 19.) Plaintiff Romes Phillips, was approached by Defendant "1" on WhatsApp and represented to the Plaintiff that he could teach the Plaintiff to be a successful cryptocurrency trader. *See id.* at ¶ 25-27. Defendant "1" assisted Phillips in accessing and registering for accounts with fraudulent copycat websites EN HASH Exchange, WE OWN COIN, and Sigma, created to deceive individuals into believing that they were investing on a legitimate cryptocurrency exchanges. *Id.* at ¶ 29. To bolster the fraudulent exchanges perceived legitimacy, Defendant "1" a/k/a "Barry Knapps" had posted fraudulent returns to make Phillips believe that he had made considerable amounts of money. *Id.* at ¶ 31-33. When Phillips attempted to transfer some of the cryptocurrency from the fraudulent exchanges, Plaintiff experienced issues. Defendants notified Phillips that he would need to pay commission and taxes in order to withdraw his funds. *Id.* at ¶ 34-36. Plaintiff's stolen USDT is valued at $203,707.65.

## II. Procedural Background

Plaintiff filed a Complaint for Racketeer Influence and Corrupt Organizations Act (18 U.S.C. § 1964) Conversion, Unjust Enrichment, Imposition of Constructive Trust, and Conspiracy on August 20, 2024.[1] On January 27, 2025 Plaintiff filed the first Amended Complaint for Racketeer Influence and Corrupt Organizations Act.[2] Pursuant to this Honorable Court's Order granting Motion for Alternative Service of Process on Foreign Defendants,[3] the Plaintiff served the Complaint via non-Fungible Token (NFT), direct message, and via website posting on October 3, 2024.[4] Plaintiff's Amended Complaint was likewise served via NFT and website posting on

[1] ECF No. 1 [Complaint for Violation of the Racketeer Influence and Corrupt Organizations Act].
[2] ECF No. 31 [First Amended Complaint for Violation of Racketeer Influence and Corrupt Organizations Act].
[3] ECF No. 10 [Order Granting Motion for Alternative Service].
[4] ECF No. 12 [Exh. 1 Proof of Service].

March 13, 2025.[5]

As authorized by the Court, the service NFTs contained summons language and the URL link to Plaintiff's service website which contained the Complaint, Summons, and all other court filings in this action.

The time allowed for Defendants to the Amended Complaint has expired. Defendant has not been granted an extension of time to respond to the Amended Complaint. Defendant has failed to answer or otherwise respond to the Amended Complaint or serve a copy of any Answer or other response upon Plaintiff's attorney of record.

Plaintiff's counsel is informed and believes that Defendant is not an infant or incompetent person. Plaintiff's counsel is informed and believes that the Service Members Civil Relief Act does not apply.

On December 23, 2025, pursuant to this Court's Order directing the Clerk to enter Default Judgment, the clerk entered default against Defendants for failure to please or otherwise defend pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Plaintiff now moves this Honorable Court to grant Final Default Judgment against the Defendant.

## III. Argument

### A. Jurisdiction and Venue are Proper in This Court.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331. Personal jurisdiction over Defendant and venue in this district is proper under 18 U.S.C. § 1965(a) and (b), and 28 U.S.C. § 1391(b) and (c). Among other things, Defendant transacts his affairs in this district inasmuch as Defendant direct business activities toward and conducts business with consumers throughout the United States, including within the State of Illinois and this district.

[5] ECF No. 41 [Exh. 1 Proof of Service].

Defendant is further subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendant is not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

**B. Default Judgment is Proper.**

A court may order a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) following the entry of default by the court clerk under Rule 55(a). The Clerk of Court entered default against Defendant on December 22, 2025, due to Defendants' failure to answer or otherwise plead.[6] In this case, the Amended Complaint, pleadings, and declaration filed in support of Plaintiff's Motion for Entry of Clerk's Default Judgment demonstrate that default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure should be entered against Defendant.

The time to answer or appear has now passed. Accordingly, entry of Final Default Judgment is proper.

**C. The Factual Allegations Establish Defendant's Liability.**

Plaintiff's Amended Complaint alleges that Defendants converted Plaintiff's cryptocurrency assets through a sophisticated RICO scheme.[7] Plaintiff's Amended Complaint upon which the clerk entered default, is attached herein as Exhibit A.

Upon entry of default by the clerk, the well-pled factual allegations of a plaintiff's complaint are taken as true. *Wehrs v. Wells,* 688 F.3d 886 (7th Cir. 2012). No notice is required where Defendants have failed to appear. *Anderson v. Specified Credit Ass'n, Inc.*, No. CIV. 11-53-GPM, 2011 WL 2414867 (S.D. Ill. June 10, 2011). Whether to enter a default judgment is a decision that is left to the sound discretion of the Court. *Merrill Lynch Mortg. Corp. v. Narayan*,

[6] ECF 61.

[7] Exh. A, Plaintiff's Amended Complaint

908 F.2d 246 (7th Cir. 1990).

Here, the clerk has entered a default against Defendants due to Defendants' failure to appear in this action, thus Plaintiff's well-pled factual allegations must be taken as true. Furthermore, there is no evidence that indicates Defendants are infants, incompetents, or are in the military. Finally, because Defendants have failed to appear, no notice is necessary. Accordingly, this Honorable Court should exercise its sound discretion and enter Default Judgment against Defendants.

**1. Damages.**

As set forth in Plaintiff's Amended Complaint, Defendants converted 203,707.65 Tether (USDT) from Plaintiff. (Doc. No. 31 at ¶ 1.) Plaintiff's 203,707.65 Tether (USDT) is worth $203,640 USD. Therefore, Plaintiff is entitled to damages of $203,640 USD under Count I (RICO), Count II (Conversion), Count III (Unjust Enrichment), and Count V (Civil Conspiracy). *See Blum v. Defendant 1, et al*, Case No. 3:23 cv 24734-MCR-HTC (N.D. Fla. Feb. 5, 2024); *Lin. V. Defendant 1,* 2:23 cv 05878 GGG-KWR (E.D. La. March 21, 2024).

As set forth above, Plaintiff's damages are a sum certain. Moreover, no hearing on damages is necessary because the amount claimed is a sum certain and a definite figure contained in Plaintiff's documentary evidence and forensic tracing report.[8] *See e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir.2007).

**2. Entry of a Permanent Injunction and Imposition of a Constructive Trust is Appropriate.**

Count IV seeks the Imposition of a Constructive Trust and Disgorgement of Funds. Injunction and disgorgement is necessary and proper to prevent Defendant's continuing conversion

[8] ECF 31-1 [Plaintiff's Tracing Report].

and unjust enrichment, and to afford Plaintiff complete relief. Moreover, the Court's powers of equity are sufficiently broad to compel measures necessary to enforce an injunction. *See Swann v. Charlotte-Mecklenburg Bd. Of Educ.*, 402 U.S. 1, 15, 91 S. Ct. 1267, 1276 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for. . . the essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case."); *United States v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole.").

Although the law is undeveloped in the emerging field of blockchain crypto technology, in other established legal areas such as trademark infringement, which also implicates goals of public protection, federal courts routinely issue the type of injunction requested here. Permanent injunctive relief is appropriate where a plaintiff demonstrates (1) he has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *See eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006). Absent a permanent injunction, Defendants will continue to transfer Plaintiff's funds to other wallets (irreparable injury with no adequate remedy as to fraudulently converted identifiable funds) and will continue to ensnare other victims in Defendants fraudulent trading exchange scheme, which is contrary to public interest. Indeed, Defendants' failure to respond or otherwise appear in this action underscores Defendants' ability and intent to commit further cryptocurrency thefts against other victims absent an injunction, and a consideration of the balance of hardships favors this remedy. *See, e.g., Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's [trademark]

infringing activity will cease. Therefore, plaintiffs are entitled to permanent injunctive relief.”).

Cryptocurrency law is underdeveloped, and courts arrive at differing conclusion in cases very similar to the present matter in deciding whether to issue a permanent injunction where monetary damages may be an adequate remedy at law. *Bowen v. Li,* No. 23-CV-20399, 2023 WL 4623594, at *7 (S.D. Fla. July 18, 2023) (finding that a monetary award alone provided plaintiffs with adequate remedy); *Bandyopadhyay v. Defendant 1,* No. 22-CV-22907, 2023 WL 2263552, at *7 (S.D. Fla. Feb. 28, 2023) (same); *Blum v. Defendant 1, et al,* Case No. 23-CV-24734-MCR-HTC (N.D. Fla. Feb. 5, 2024) (issuing a permanent injunction and award damages); *Lin v. Defendant 1,* 23-CV-05878-GGG-KWR (E.D. La. Mar. 21, 2024).

Here, as in *Blum* and *Lin,* a permanent injunction is necessary to prevent Defendant from stealing more cryptocurrency from other victims and to prevent Defendant from transferring Plaintiff’s funds to other wallets causing irreparable injury without any legal remedy. *Blum v. Defendant 1, et al,* Case No. 23-CV-24734-MCR-HTC (N.D. Fla. Feb. 5, 2024); *Lin v. Defendant 1,* 23-CV-05878-GGG-KWR (E.D. La. Mar. 21, 2024).

Plaintiff seeks a permanent injunction against the following cryptocurrency wallets:[9]

| Exchange | Defendants' Wallet Address |
|---|---|
| Binance | 0x82662cbd238481905f7cfbc4f95d057a638b15f2;<br>0x23c2d0c598ecfbb2550023351ba08733d0c4babf;<br>0x805fc72c614e75ffb039492b34fb9916eba69fe9;<br>0x2ae31977234cfef28a6ed38c7bdf38e384623f0d<br>0xaf490983a79be16937f54f8bd31bcdeda7904012 |
| HuionePay | TGv1XhT88GNLFegy4ZRKrWBswhPg1deH6Y;<br>TWrQSUSYe2QM1xzN8zfbovqL7GvtkGeEPr;<br>TBTAhqKxDfGqnkQHAHxHDjTXtM3HMu2bzr;<br>TYUEVdDWKKoAYJgx11wsAdTw5gx1L6NMDu;<br>0x199c4512036496e680cd7df761625d1bb04b5328<br>TT8CMUukaHxYXc67nYJH6LWy16TG1b82ZU |

[9] Plaintiff is not seeking entry of a permanent injunction against the Coinbase or Crypto.com wallets.

| | |
|---|---|
| KuCoin: | 0x83a918ea9b5b4b55ea664bc6f82fe644887650ff |

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests the Court enter Final Default Judgment, including a permanent injunction, against Defendants in the form of the proposed Final Default Judgment and Permanent Injunction filed herewith. Dated this 16th day of January, 2026.

Respectfully Submitted,

/s/ Reagan Charleston Thomas
Reagan Charleston Thomas, Esq.
AYLSTOCK, WITKIN,
KREIS & OVERHOLTZ, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Phone: (850) 202-1010
Fax: (850) 916-7449
rthomas@awkolaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served using the CM/ECF system. Additionally, a true and correct copy was uploaded to the Plaintiff's Service Website (https://usdccourtservice.com/cv-07511/).

Respectfully submitted,

*/s/ Reagan Charleston Thomas*
Reagan Charleston Thomas, Esq.
AYLSTOCK, WITKIN,
KREIS & OVERHOLTZ, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Phone: (850) 202-1010
Fax: (850) 916-7449
rthomas@awkolaw.com

*Attorney for Plaintiff*

# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ROMES H. PHILLIPS

Plaintiff,

v.

DEFENDANT "1" a/k/a "Barry Knapps", DEFENDANT "2" a/k/a "Colin Gordon", DEFENDANT "3" a/k/a "Mary", DEFENDANT "4" a/k/a "Linda", DEFENDANT "5" a/k/a "Mia", DEFENDANT "6" a/k/a "Eric Gordon", DEFENDANT "7" a/k/a Mr. Shah who is the owner of the following cryptocurrency address,
Robinhood:
0xa26e73c8e9507d50bf808b7a2ca9d5de4fcc4a04,
and
JOHN DOE Defendants 1-27 who are the cohorts of DEFENDANTS "1" – "7" and are the owners of the following cryptocurrency deposit wallets where Plaintiff's stolen cryptocurrency assets were transferred:
Binance:
0x82662cbd238481905f7cfbc4f95d057a638b15f2;
0x23c2d0c598ecfbb2550023351ba08733d0c4babf;
0x805fc72c614e75ffb039492b34fb9916eba69fe9;
0x2ae31977234cfef28a6ed38c7bdf38e384623f0d; and
0xaf490983a79be16937f54f8bd31bcdeda7904012
Coinbase:
0x98a48996986957045702f113b06660305ac69f5d;
0xc381df96ca11f3334cdead9adf34c8b799f95b1a;
0x767dad5f4722b320f6c2606fef0f6708c5c6d9a4;
0xb1398b1bd4faec59dfc9eaeed06ea5cb0c3c2620;
0x03d8517f59619523dfefec1befe356537a966448;
0xa5c167e6ebe8034d421c0672403f3fd54e801c2a;
0x628820c2aa8d07a263c1a53d6751006160dd60c2;

Case No. 1:24-cv-07511

Honorable Jorge L. Alonso

and
0xf78a59f4250370e1df46625877bf9490256b12ab
Crypto.com:
0x360a7dc6fdb265e6485bd0c33b53c4132e38513f;
and
0xf9ccaf031218e96037f3a2ab21663ad941fa45e8
HuionePay:
TGv1XhT88GNLFegy4ZRKrWBswhPg1deH6Y;
TWrQSUSYe2QM1xzN8zfbovqL7GvtkGeEPr;
TBTAhqKxDfGqnkQHAHxHDjTXtM3HMu2bzr;
TYUEVdDWKKoAYJgx11wsAdTw5gx1L6NMDu;
0x199c4512036496e680cd7df761625d1bb04b5328;
and
TT8CMUukaHxYXc67nYJH6LWy16TG1b82ZU
KuCoin:
0x83a918ea9b5b4b55ea664bc6f82fe644887650ff
OKX:
0x4a2808ad0fe3f089c5a58cc403e1471d642378df;
0xb3514f812ce54f5c285eeec0c9f6c64f3d582ce3;
0xdda30eab4666e7ee444083a9a73d6b39a6ae8974;
0xe34c94b8efe75da7e74e6d30534ddb136b501334;
and
0x3ab6d1588d101615eab14c198a97c590e6c741d9
Defendants.

**PLAINTIFF'S AMENDED COMPLAINT FOR VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT**

Plaintiff, ROMES H. PHILLIPS, by and through undersigned counsel, sues DEFENDANT "1" a/k/a "Barry Knapps", DEFENDANT "2" a/k/a "Colin Gordon", DEFENDANT "3" a/k/a "Mary", DEFENDANT "4" a/k/a "Linda", DEFENDANT "5" a/k/a "Mia", DEFENDANT "6" a/k/a "Eric Gordon", DEFENDANT "7" a/k/a Mr. Shah, and JOHN DOE Defendants 1-27, as follows:

## PRELIMINARY STATEMENT

1. Defendants stole cryptocurrency from Plaintiff in the amount of 203,707.65 Tether (USDT) pursuant to a sophisticated global internet cryptocurrency fraud and conversion scheme.[1]

2. Defendant "1" played a material role in the theft of Plaintiff's assets, and he and his cohorts currently possess all or a significant portion of Plaintiff's stolen property.

3. Plaintiff brings this lawsuit to recover his stolen assets.

## SUBJECT MATTER JURISDICTION AND VENUE

4. This is an action for damages related to the theft of Plaintiff's cryptocurrency assets as detailed below. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). This action includes damages pursuant to 18 U.S.C. § 1964 (the "Racketeer Influenced and Corrupt Organizations Act" or "RICO"). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question).

5. Venue is proper in this District pursuant to 18 U.S.C. § 1965(a) and (b), and 28 U.S.C. § 1391(b) and (c).

6. Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Illinois and this district through at least the fraudulent websites (EN HASH Exchange, WE OWN COIN, and Sigma) which can be accessed on the internet and on smartphones and are accessible from Illinois.

7. Plaintiff accessed the fraudulent websites (EN HASH Exchange, WE OWN COIN, and Sigma) in the State of Illinois and the theft occurred while Plaintiff was located in the State of

[1] Tether (USDT) belongs to a subset of digital assets called stablecoins. Stablecoins are anchored or "pegged" to less-volatile assets. In the case of USDT, it is pegged to the U.S. Dollar. Thus, 1 USDT equals approximately $1 USD.

Illinois. Defendants directed numerous false and fraudulent representations to Plaintiff in this district, stole Mr. Phillips's assets within this district, and caused significant harm to Plaintiff in this district.

8. Moreover, every website has at least one associated IP address that it uses to communicate with devices on a network. The IP address for WE OWN COIN (https://www.weowncoinai.top/) was 75.2.30.27 which Plaintiff had tracked to Seattle, Washington. As of January 6, 2024, the link for WE OWN COIN (https://www.weowncoinai.top/) cannot be reached. The link for EN HASH Exchange (https://www.en-hash.com) also currently cannot be reached. The web server for Sigma (https://sigma-dex.com/#/componenets/noticeDetail?id=309) is currently down. Further, the link to the app store the scammer's provided to Plaintiff (https://apps.apple.com/tw/app/hashlink/id6469687367) is a link to a Chinese app store.

**<u>THE PARTIES AND PERSONAL JURISDICTION</u>**

9. Plaintiff, ROMES H. PHILLIPS, an individual, is *sui juris*, and is a resident and citizen of Illinois.

10. Defendant "1" is an individual, is *sui juris*, and is subject to the personal jurisdiction of this Court. Defendant "1" represented to Plaintiff ROMES H. PHILLIPS that his name was "Barry Knapps." Defendant represented to Plaintiff that he was from the United States. The parties' communications consistently demonstrated Defendant "1" was a citizen of the United States.

11. Defendant "2" is an individual, is *sui juris*, and is subject to the personal jurisdiction of this Court. Defendant "2" represented to Plaintiff ROMES H. PHILLIPS that his name was "Colin Gordon." Defendant represented to Plaintiff that he was from the United States. The parties'

communications consistently demonstrated Defendant "2" was a citizen of the United States.

12. Defendant "3" is an individual, is *sui juris*, and is subject to the personal jurisdiction of this Court. Defendant "3" represented to Plaintiff ROMES H. PHILLIPS that her name was "Mary." Defendant represented to Plaintiff that she was from the United States. The parties' communications consistently demonstrated Defendant "3" was a citizen of the United States.

13. Defendant "4" is an individual, is *sui juris*, and is subject to the personal jurisdiction of this Court. Defendant "4" represented to Plaintiff ROMES H. PHILLIPS that her name was "Linda." Defendant represented to Plaintiff that she was from the United States. The parties' communications consistently demonstrated Defendant "4" was a citizen of the United States.

14. Defendant "5" is an individual, is *sui juris*, and is subject to the personal jurisdiction of this Court. Defendant "5" represented to Plaintiff ROMES H. PHILLIPS that her name was "Mia." Defendant represented to Plaintiff that she was from the United States. The parties' communications consistently demonstrated Defendant "5" was a citizen of the United States.

15. Defendant "6" is an individual, is *sui juris*, and is subject to the personal jurisdiction of this Court. Defendant "6" represented to Plaintiff ROMES H. PHILLIPS that his name was "Eric Gordon." Defendant represented to Plaintiff that he was from the United States. The parties' communications consistently demonstrated Defendant "6" was a citizen of the United States.

16. JOHN DOE DEFENDANTS 1-27 are the cohorts of Defendant "1", Defendant "2", Defendant "3", Defendant "4", Defendant "5", Defendant "6", and Defendant "7" and are the owners of the following cryptocurrency deposit wallets where Plaintiff's stolen cryptocurrency assets were transferred:

Binance:
0x82662cbd238481905f7cfbc4f95d057a638b15f2
0x23c2d0c598ecfbb2550023351ba08733d0c4babf
0x805fc72c614e75ffb039492b34fb9916eba69fe9

0x2ae31977234cfef28a6ed38c7bdf38e384623f0d
0xaf490983a79be16937f54f8bd31bcdeda7904012
Coinbase:
0x98a48996986957045702f113b06660305ac69f5d
0xc381df96ca11f3334cdead9adf34c8b799f95b1a
0x767dad5f4722b320f6c2606fef0f6708c5c6d9a4
0xb1398b1bd4faec59dfc9eaeed06ea5cb0c3c2620
0x03d8517f59619523dfefec1befe356537a966448
0xa5c167e6ebe8034d421c0672403f3fd54e801c2a
0x628820c2aa8d07a263c1a53d6751006160dd60c2
0xf78a59f4250370e1df46625877bf9490256b12ab
Crypto.com:
0x360a7dc6fdb265e6485bd0c33b53c4132e38513f
0xf9ccaf031218e96037f3a2ab21663ad941fa45e8
HuionePay:
TGv1XhT88GNLFegy4ZRKrWBswhPg1deH6Y
TWrQSUSYe2QM1xzN8zfbovqL7GvtkGeEPr
TBTAhqKxDfGqnkQHAHxHDjTXtM3HMu2bzr
TYUEVdDWKKoAYJgx11wsAdTw5gx1L6NMDu
0x199c4512036496e680cd7df761625d1bb04b5328
TT8CMUukaHxYXc67nYJH6LWy16TG1b82ZU
KuCoin:
0x83a918ea9b5b4b55ea664bc6f82fe644887650ff
OKX:
0x4a2808ad0fe3f089c5a58cc403e1471d642378df
0xb3514f812ce54f5c285eeec0c9f6c64f3d582ce3
0xdda30eab4666e7ee444083a9a73d6b39a6ae8974
0xe34c94b8efe75da7e74e6d30534ddb136b501334
0x3ab6d1588d101615eab14c198a97c590e6c741d9

17. JOHN DOE Defendants 1-27 are *sui juris* and subject to the personal jurisdiction of this Court. JOHN DOE Defendants 1-27 have not only intentionally concealed their identities as part of their scheme to defraud Plaintiff, but as part of their conspiracy, have also directed fraudulent communications towards Plaintiff in Illinois, causing Plaintiff to suffer significant economic and emotional harm while in Illinois.

18. At all times material hereto, Defendants have maintained and continue to maintain private cryptocurrency wallets and cryptocurrency exchange accounts in which all of or a portion

of Plaintiff's stolen cryptocurrency currently sits.

## <u>ALLEGATIONS COMMON TO ALL COUNTS</u>

### A. Defendants Execute an International Cryptocurrency Theft Scheme

19. Plaintiff is a victim of not only a nationwide but also a worldwide RICO conspiracy known as "pig butchering."

20. Pig butchering scams are "fraudulent crypto investment schemes directed from Asia," which are now a billion-dollar industry.[2]

21. Pig butchering scams run and perpetrated by organized criminal groups in Southeast Asia, are called such because the victims are "likened to hogs fattened up for slaughter."[3]

22. The scammers, typically located in Southeast Asia, carefully research their victims and can spend months grooming the victim to gain their trust.

23. Pig butchering scammers utilize expertly crafted copycat websites that replicate authentic trading platforms. These scammers simulate trades and returns and the victims are unaware of the scheme.[4]

24. The perpetrators of these so-called pig butchering scams befriend victims and over time build up trust. Once that trust is gained, the perpetrators claim to be experts in cryptocurrency investments, fraudulently represent themselves to be experts in cryptocurrency investing, and convince victims to send their digital assets to fake copycat exchanges.

25. Plaintiff had no experience trading cryptocurrency prior to meeting Defendant "1" a/k/a "Barry Knapps".

---

[2] https://www.reuters.com/investigates/special-report/fintech-crypto-fraud-thailand/

[3] https://www.nbcnews.com/news/crime-courts/pig-butchering-scams-rise-fbi-moves-stop-bleeding-rcna137009

[4] https://www.reuters.com/investigates/special-report/fintech-crypto-fraud-thailand/

26. Plaintiff was approached by Defendant "1" approximately December of 2023. Defendant "1" communicated with Plaintiff via WhatsApp with a WhatsApp phone number of 440-568-8859 (VoIP). Plaintiff also communicated with EN HASH Exchange's "Customer Service" via WhatsApp with a WhatsApp phone number of 301-635-4641 (VoIP), with Defendant "2" via WhatsApp with a WhatsApp phone number of 213-442-4533 (VoIP), with Defendant "3" via WhatsApp with a WhatsApp phone number of 339-674-1668 (VoIP), with Defendant "4" via WhatsApp with a WhatsApp phone number of 929-699-0519 (VoIP), with Defendant "5" via WhatsApp with a WhatsApp phone number of 970-424-9433 (VoIP), with Sigma's "Customer Service" via WhatsApp with a WhatsApp phone number of 503-849-6436 (VoIP), and with Defendant "6" via WhatsApp with a WhatsApp phone number of 501-779-2758 (VoIP).

27. Defendant "1" misrepresented that he would teach Plaintiff how to become a successful cryptocurrency trader.

28. Defendant "1" lured Plaintiff by showing him examples over WhatsApp of how he was successfully earning high returns on his cryptocurrency trading methods.

29. Defendants provided Plaintiff with trading codes to use on EN HASH Exchange, WE OWN COIN, and Sigma. However, the links to the exchanges they provided to Plaintiff were not legitimate platforms but were instead fraudulent websites created to deceive individuals, including Plaintiff, into believing they were investing on legitimate cryptocurrency exchanges.

30. After familiarizing himself with the process of trading on the fraudulent websites recommended by Defendants and in reliance on the foregoing false and fraudulent misrepresentations, Plaintiff started to transfer cryptocurrency from his Crypto.com account, a legitimate third-party online platform for buying, selling, transferring, and storing cryptocurrency, to the fraudulent platforms (EN HASH Exchange, WE OWN COIN, and Sigma).

31. Defendants posted fraudulent returns on their fake websites which made it appear that Plaintiff was making money on his trades. As a result, he continued to transfer cryptocurrency from his Crypto.com account to the fraudulent exchanges.

32. Because of the fraudulent representations contained on the fake websites and misrepresentations made by Defendant "1", Plaintiff, ROMES H. PHILLIPS, believed that he had made significant money from his previous investments.

33. Plaintiff believed he had made a considerable amount of money. In fact, Plaintiff was told by Defendant "1" that the value of his cryptocurrency had grown from approximately two hundred three thousand seven hundred seven dollars and sixty-five cents ($203,707.65.) to approximately five hundred thousand dollars ($500,000.00), which was also reflected on the fraudulent website.

34. Plaintiff was happy with what he believed was a significant return on Plaintiff's investment. However, Plaintiff decided it was time to transfer some of the cryptocurrency from EN HASH Exchange, WE OWN COIN, and Sigma back to Plaintiff's Crypto.com account. When Plaintiff attempted to withdraw his cryptocurrency from the fraudulent websites, Plaintiff experienced issues and was unable to make transfers.

35. Defendants told Plaintiff that he would need to pay thirty thousand dollars ($30,000.00) in commission and taxes before he would be able to withdraw his funds from EN HASH Exchange, WE OWN COIN, and Sigma.

36. Plaintiff paid eight thousand dollars ($8,000.00) to WE OWN COIN but continued to experience issues with withdrawing his funds. Plaintiff did not pay the "commission and taxes" to EN HASH Exchange or to Sigma.

37. When Plaintiff questioned Defendant "1" about the transfer issues he was

experiencing, Defendant “1” provided excuses and made additional false representations.

38. After multiple unsuccessful attempts to withdraw his funds, Plaintiff realized he had been scammed.

**B. Plaintiff’s Forensic Tracing of Their Stolen Cryptocurrency**

39. When a transaction is made on the blockchain it is assigned a “transaction hash” (“TXID”). A transaction hash is a unique string of characters that is given to every transaction that is verified and added to the blockchain. A TXID is used to uniquely identify a particular transaction. All on-chain transactions (the transactions from or to external addresses) have a unique TXID that can be seen in transaction details. All on-chain transactions (depositing and withdrawing of funds) have a unique TXID that can be found in transaction details.

40. Within the time frame of November 14th, 2023, and March 20th, 2024, Plaintiff ROMES H. PHILLIPS made 14 transactions from his Crypto.com account to the fraudulent exchanges. In total, Plaintiff transferred approximately 203,707.65 Tether (USDT) to the fraudulent exchanges, which has a current market value of approximately two hundred three thousand nine hundred eleven dollars and thirty-six cents ($203,911.36).[5]

41. Plaintiff has retained forensic cryptocurrency tracing experts who have traced Plaintiff’s stolen assets on the blockchain. Attached hereto as Exhibit A is the tracing report completed by experts at CoinStructive, Inc. Plaintiff incorporates Exhibit A into his verified complaint.

42. As the tracing report shows, Defendant “1” with help of multiple co-conspirators opened numerous cryptocurrency wallets owned by JOHN DOE Defendants 1-27 to launder the stolen cryptocurrency to the identified foreign cryptocurrency exchanges.

---

[5] Current market value calculated using data from etherscan.io on January 6, 2025.

**COUNT I**
**RACKETERING IN VIOLATION OF 18 U.S.C. § 1964**

43. The operation of Defendant "1", Defendant "2", Defendant "3", Defendant "4", Defendant "5", Defendant "6", Defendant "7", and JOHN DOE Defendants 1-27, individually and through their alleged business in trading cryptocurrency as cryptocurrency traders in their sophisticated global internet cryptocurrency fraud and conversion scheme constitutes a racketeering operation.

44. Defendant "1" directed and coordinated with Defendant "2", Defendant "3", Defendant "4", Defendant "5", Defendant "6", Defendant "7", and JOHN DOE Defendants 1-27 as yet unidentified additional parties ("RICO Enterprise," or "Enterprise") within the meaning of 18 U.S.C. § 1964(4), which Enterprise was engaged in, or the affairs of which affected, interstate and foreign commerce.

45. Defendant "1", Defendant "2", Defendant "3", Defendant "4", Defendant "5", Defendant "6", Defendant "7", and JOHN DOE DEFENDANTS 1-27 were each also a member of the RICO Enterprise, as each was a distinct person, separate and apart, from each of the RICO Enterprise members together.

46. The RICO Enterprise engaged in a pattern of racketeering activity.

47. Each person's participation was effective partly because each mimicked an actual on-going business (including the fraudulent platforms EN HASH Exchange, WE OWN COIN, and Sigma) with a presence in the marketplace: the United States and indeed worldwide.

48. As co-conspirators, the unlawful conduct of each member of the RICO Enterprise is attributed to every member, i.e. Defendant "1", Defendant "2", Defendant "3", Defendant "4", Defendant "5", Defendant "6", Defendant "7", and JOHN DOE Defendants 1-27 as yet unidentified co-conspirators.

49. As set forth above, the RICO Enterprise engaged in the following predicate acts of racketeering within the meaning of 18 U.S.C. § 1961(1): Wire fraud in violation of 18 U.S.C. § 1343.

50. The predicate acts set forth in this Complaint, include defrauding Plaintiff beginning in November 2023, through domestic and international telephone communication including Instagram and WhatsApp messaging and domestic and international in-app communication with Plaintiff.

51. The predicate acts set forth in this Complaint are related, in that they have the same or similar purposes, results, participants, and methods of commission, and are otherwise interrelated by distinguishing characteristics and are not isolated events. The related criminal schemes set forth in this Complaint constitutes a "pattern or patterns of racketeering activity" as defined in 18 U.S.C. § 1961(5).

52. The Defendants engaged in two or more predicated acts of racketeering within a period of ten years and committed at least one such act after October 15, 1970.

53. The information that would establish further predicate acts and further acts of racketeering is solely within the control of Defendants. Plaintiff requires discovery to ferret out the further extent of predicate acts and further acts of racketeering, including the identity of similarly situated defrauded victims and the scope of the systematic fraud.

54. Defendants have received income derived, directly or indirectly, from a pattern of racketeering activity and used or invested, directly or indirectly, part of such income, or the proceeds of such income, in acquisition of an interest in, or in the establishment or operation of, the RICO Enterprise, an enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce in violation of 18 U.S.C. § 1962(a).

55. Defendants through a pattern of racketeering activity maintain, directly or indirectly, an interest in or control of the RICO Enterprise, an enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce in violation of 18 U.S.C. § 1962(b).

56. Defendant "1" was associated with the RICO Enterprise, and conducted or participated, directly or indirectly, in the conduct of the Enterprise's affairs through the pattern of racketeering activity described herein in violation of 18 U.S.C. § 1962(c).

57. Defendant "2" was associated with the RICO Enterprise, and conducted or participated, directly or indirectly, in the conduct of the Enterprise's affairs through the pattern of racketeering activity described herein in violation of 18 U.S.C. § 1962(c).

58. Defendant "3" was associated with the RICO Enterprise, and conducted or participated, directly or indirectly, in the conduct of the Enterprise's affairs through the pattern of racketeering activity described herein in violation of 18 U.S.C. § 1962(c).

59. Defendant "4" was associated with the RICO Enterprise, and conducted or participated, directly or indirectly, in the conduct of the Enterprise's affairs through the pattern of racketeering activity described herein in violation of 18 U.S.C. § 1962(c).

60. Defendant "5" was associated with the RICO Enterprise, and conducted or participated, directly or indirectly, in the conduct of the Enterprise's affairs through the pattern of racketeering activity described herein in violation of 18 U.S.C. § 1962(c).

61. Defendant "6" was associated with the RICO Enterprise, and conducted or participated, directly or indirectly, in the conduct of the Enterprise's affairs through the pattern of racketeering activity described herein in violation of 18 U.S.C. § 1962(c).

62. Defendant "7" was associated with the RICO Enterprise, and conducted or participated, directly or indirectly, in the conduct of the Enterprise's affairs through the pattern of

racketeering activity described herein in violation of 18 U.S.C. § 1962(c).

63. Defendant "1", Defendant "2", Defendant "3", Defendant "4", Defendant "5", Defendant "6", Defendant "7", and/or JOHN DOE Defendants 1-27 as yet unidentified additional parties, each entered into a conspiracy to conduct or participate, directly or indirectly, in the conduct of the RICO Enterprises' affairs through the pattern of racketeering activity described herein, in violation of 18 U.S.C. § 1962(d).

64. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff ROMES H. PHILLIPS demands that judgment be entered against Defendant "1", Defendant "2", Defendant "3", Defendant "4", Defendant "5", Defendant "6", Defendant "7", and JOHN DOE Defendants 1-27, jointly and severally, as follows:

(a) damages;

(b) statutory trebled damages pursuant to 18 U.S.C. § 1964(c);

(c) punitive damages;

(d) costs, including reasonable attorney's fees, pursuant to 18 U.S.C. § 1964(c);

(e) costs;

(f) interest; and

(g) such other and further relief as this Court deems just and proper.

**COUNT II**
**CONVERSION**

65. Through fraudulent misrepresentations, Defendants convinced Plaintiff to invest

his money into cryptocurrency.

66. Defendants then convinced Plaintiff to transfer his cryptocurrency to fake exchanges owned and operated by Defendants.

67. After Plaintiff transferred his cryptocurrency assets to the fake exchanges, Defendants then transferred Plaintiff's cryptocurrency to cryptocurrency addresses owned by Defendant "1", Defendant "2", Defendant "3", Defendant "4", Defendant "5", Defendant "6", Defendant "7", and JOHN DOE Defendants 1-27.

68. Defendants misappropriated Plaintiff's funds.

69. Defendants have converted Plaintiff's funds to their own use or to the use of others not entitled thereto and have exercised dominion and control over the funds to Plaintiff's exclusion and detriment.

70. Plaintiff has suffered damages as a direct and proximate result of Defendants' conversion.

**WHEREFORE**, Plaintiff ROMES H. PHILLIPS demands that judgment be entered against Defendant "1", Defendant "2", Defendant "3", Defendant "4", Defendant "5", Defendant "6", Defendant "7", and JOHN DOE DEFENDANTS 1-27, jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT III
## UNJUST ENRICHMENT

71. Plaintiff conferred a direct benefit upon Defendants by transferring the valuable cryptocurrency that Defendants converted from Plaintiff.

72. Defendants have knowledge of the benefit Plaintiff conferred upon them and have retained such benefit.

73. The circumstances under which Plaintiff conferred, and Defendants accepted

render Defendants' retention of the benefits inequitable.

74. Equity required that Defendants return to Plaintiff the benefits he conferred upon Defendants.

**WHEREFORE**, Plaintiff ROMES H. PHILLIPS demands that judgment be entered against Defendant "1", Defendant "2", Defendant "3", Defendant "4", Defendant "5", Defendant "6", Defendant "7", and JOHN DOE Defendants 1-27, jointly and severally, for damages, interest, costs, and such other further relief as this Court deems just and proper.

## COUNT IV
## IMPOSITION OF CONSTRUCTIVE TRUST AND DISGORGEMENT OF FUNDS

75. This is an action to impose a constructive trust upon the property taken from Plaintiff that is currently held by Defendants.

76. This action further calls for the restoration to Plaintiff of that wrongfully obtained property.

77. As set forth above, Defendants – through actual fraud, misappropriation, conversion, theft, or other questionable means – obtained Plaintiff's cryptocurrency, which in equity and good conscience Defendants should not be permitted to hold.

78. The cryptocurrency assets at issue are specific identifiable property and have been traced to Binance, Coinbase, Crypto.com, HuionePay, KuCoin, and OKX.

79. Any and all assets being held by Defendants at Binance, Coinbase, Crypto.com, HuionePay, KuCoin, and OKX must be held in trust for Plaintiff's benefit, and Defendants are not entitled to the benefit of wrongfully misappropriated, converted, and stolen cryptocurrency assets that were taken from Plaintiff.

80. The digital assets identified herein which are being held by Defendants at Binance,

Coinbase, Crypto.com, HuionePay, KuCoin, and OKX must be disgorged to Plaintiff's benefit, as Defendants are not entitled to the benefit of wrongfully misappropriated, converted, and stolen cryptocurrency assets that were taken from Plaintiff.

**WHEREFORE**, Plaintiff ROMES H. PHILLIPS demands the equitable imposition of a constructive trust over the property taken from Plaintiff that is currently under the control of Defendant "1", Defendant "2", Defendant "3", Defendant "4", Defendant "5", Defendant "6", Defendant "7", and/or JOHN DOE Defendants 1-27, in the identified cryptocurrency wallet addresses held at Binance, Coinbase, Crypto.com, HuionePay, KuCoin, and OKX and further demands that the wrongfully obtained property be returned to Plaintiff.

## COUNT V
## CONSPIRACY

81. The Defendants conspired and confederated with each other to commit, and committed, Conversion (Count II); and Unjust Enrichment (Count III).

82. Relying on the false statements made by Defendant "1", including that he was an expert in cryptocurrency investments, Plaintiff transferred his cryptocurrency assets to fake cryptocurrency platforms which were in actuality deposit addresses owned by JOHN DOE Defendants 1-27.

83. Defendants conspired with others via the fraudulent websites EN HASH Exchange, WE OWN COIN, and Sigma in addition to Instagram and WhatsApp where they communicated with Plaintiff. Defendant "1", Defendant "2", Defendant "3", Defendant "4", Defendant "5", Defendant "6", Defendant "7", and JOHN DOE Defendants 1-27 are the owners of the cryptocurrency deposit addresses where Plaintiff's stolen cryptocurrency was transferred.

84. As a result, Plaintiff has suffered damages as a direct and proximate result of Defendants' conspiracy.

**WHEREFORE**, Plaintiff ROMES H. PHILLIPS demands that judgment be entered against Defendant "1", Defendant "2", Defendant "3", Defendant "4", Defendant "5", Defendant "6", Defendant "7", and JOHN DOE DEFENDANTS 1-27, jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

**DEMAND FOR A JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

**VERIFICATION**

I, ROMES H. PHILLIPS, hereby declare under penalty of perjury that I have read the foregoing COMPLAINT FOR CONVERSION OF STOLEN CRYPTOCURRENCY and verify that all statements herein are true and correct to the best of my knowledge, understanding, and belief.

Dated: January 6, 2025

______________________________
ROMES H. PHILLIPS, Plaintiff

Dated: January 6, 2025

Respectfully submitted,

*/s/ Reagan Charleston Thomas*
Reagan Charleston Thomas, Esq.
LA Bar No. 38522
*(admitted to NDIL General Bar)*
AYLSTOCK, WITKIN,
KREIS & OVERHOLTZ, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Phone: (850) 202-1010
Fax: (850) 916-7449
rthomas@awkolaw.com